**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**UNITED STATES OF AMERICA**

vs.                                             **5:04cr23/MCR
5:07cv277/MCR/MD**

**KEIDRIC COOK**

---

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 199). The government has filed a response (doc. 201) and the defendant has filed a reply (doc. 204). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

**I. BACKGROUND**

Defendant Keidric Cook and co-defendants Anthony Charles Hills Jr. and Lavar Ramaro Hills were charged in a single count indictment with conspiracy to possess with intent to distribute 50 grams or more of cocaine base. (Doc. 1). Represented by appointed counsel Russell K. Ramey, defendant entered into a written plea and cooperation agreement. (Doc. 33). The agreement provided that the defendant agreed that if the case proceeded to trial, the government could

demonstrate beyond any reasonable doubt that fifty grams or more of a mixture and substance containing cocaine base and 500 grams or more of a mixture and substance containing a detectable amount of cocaine was possessed with intent to distribute during the course of the conspiracy. (Doc. 33 at 2-3). Defendant specifically waived his right to have a jury make the determination of the amount of controlled substance he was to be held accountable for, agreeing that the court would determine the amount attributable to him at sentencing under the preponderance of the evidence standard. (*Id.* at 3). The agreement also provided that defendant faced a potential mandatory sentence of ten years to life imprisonment (*Id.* at 2).

At the rearraignment proceeding, defendant stated that he had read the agreement, and he had no questions of the court. (Doc. 131 at 13-14). The court reiterated the portions of the agreement with respect to the penalty defendant faced, the quantity of drugs the defendant conceded could be proven were the case to go to trial, and the fact that he was giving up the right for a jury determination of these matters. (*Id.* at 16-17). The defendant indicated that he understood all of this. The court then explained that the government would not be limited by the amounts agreed to in the factual statement, but could come into court at sentencing with evidence of a greater drug weight attributable to the defendant. (*Id.* at 18). Defendant acknowledged that he understood this, and that he understood the elements of conspiracy that the government would have to prove at trial. (*Id.* at 20). He indicated no disagreement with the facts outlined in the agreement and explained, in his own words, to the court that his role was "purchase powder crack cocaine and to bag it up in $20 amounts, $40 amounts, and distribute in clubs and areas, neighborhoods" and that he distributed "just small amounts of crack cocaine to common addicts" that was provided to him by his co-defendant. (*Id.* at 22). In response to a specific question from the prosecutor, defendant admitted that the quantity of crack cocaine he was involved with exceeded 50 grams. (*Id.*)

Defendant was held accountable for a total of 21.16 kilograms of cocaine in the PSR, resulting in a base offense level of 34. He received a two level upward adjustment pursuant to U.S.S.G. § 2D1.1(b)(1) for a co-conspirator's possession of a firearm during the offense. (PSR ¶ 26). The PSR reflected that "A firearm was possessed by a conspirator, who advised that the defendant provided the gun and information about the weapon's serial numbers. The firearm was located in the proximity of cocaine in this case. It is believed that the gun was possessed to protect the conspirators, the drugs, and the proceeds from drug sales." (PSR ¶ 26). After a three level downward adjustment for acceptance of responsibility, defendant's total offense level was 33. Defendant had a single prior conviction for DUI for which he was still on probation, resulting in three criminal history category points and a criminal history category of II. The applicable guidelines range was 151 to 188 months imprisonment. Defense counsel filed no written objections to the PSR, but at the first sentencing hearing objected to the probation officer's conclusion that defendant had been on probation at the time of the offense conduct, arguing that he had not actually been placed on probation until afterwards. (Doc. 134 at 2-4). The court continued sentencing so the parties could research and brief the issue. It ultimately overruled the objection after counsel conceded that he could not argue in good faith under prevailing case law that his client withdrew from the conspiracy after his probationary sentence was imposed. (Doc. 132). Defendant was sentenced at the low end of the guidelines range to a term of 151 months imprisonment. (Doc. 132 at 9).

Defendant appealed, and the Eleventh Circuit vacated defendant's sentence and remanded for resentencing under *Booker*,[1] finding that the district court erred in treating the federal guidelines as mandatory. (Doc. 156). Defendant was resentenced to the same 151 month term of imprisonment. (Doc. 185). He again appealed, and counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87

---

[1] *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

S.Ct. 1396, 18 L.Ed.2d 493 (1967). The Eleventh Circuit's independent review of the entire record revealed no issues of arguable merit, and it granted counsel's motion to withdraw and affirmed the defendant's sentence. (Doc. 190).

In the instant motion, defendant contends that counsel provided constitutionally ineffective assistance at sentencing when he failed to object to the firearm adjustment and to the quantity of drugs attributed to him. The government opposes the motion.

## II. LEGAL ANALYSIS

### A. Ineffective assistance of counsel, generally

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993). To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000); *Gaskin v. Secretary, Dept. of Corrections,* 494 F.3d 997, 1002 (11th Cir. 2007). "*Strickland's* two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable

considering all the circumstances." *Id.* at 688, 104 S.Ct. at 2065; *see also Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992). "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome,* 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States,* 496 F.3d 1270, 1281 (11th Cir. 2007); *United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003); (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506

U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629); *United States v. Ross*, 147 Fed.Appx. 936, 939 (11th Cir. 2005).

Counsel is not ineffective for failing to preserve or argue a meritless claim*. See Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (counsel was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly

prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle,* 480 F.3d at 1099; *Williamson v. Moore,* 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

### B. Failure to object to firearm adjustment or drug quantity at sentencing

In his motion, defendant states that there was "absolutely no reason" for counsel's failure to object to the fabricated drug amounts attributed to the defendant or to the firearm adjustment. He contends that counsel's failure to make these objections was objectively unreasonable, and that had counsel done so, he would have been successful since "there was no legitimate evidence backing up the fabricated drug amounts or the firearm enhancement." Defendant has advanced only broad, conclusory assertions and has failed to address the specific facts of his case or provide a basis for the requested relief.

To justify an adjustment pursuant to U.S.S.G. § 2D1.1(b)(1), the government must either establish by a preponderance of the evidence that the firearm was present at the site of the charged conduct or prove that the defendant possessed a firearm during conduct associated with the offense of conviction. *United States v. Stallings ,* 463 F.3d 1218, 1220 (11th Cir. 2006) (citing *U.S. v. Audain*, 254 F.3d 1286, 1289 (11th Cir. 2001)). If the government is successful in meeting its initial burden, then the evidentiary burden shifts to the defendant, who must demonstrate that a connection between the weapon and the offense was "clearly improbable." *Stallings,* 463 F.3d at 1220 (citing *United States v. Hall*, 46 F.3d 62, 63 (11th Cir. 1995)).

The § 2D1.1(b)(1) enhancement may be applied when the firearm is possessed

by a co-conspirator. *United States v. Pham*, 463 F.3d 1239, 1245 (11th Cir. 2006) (citing *United States v. Fields*, 408 F.3d 1356, 1359 (11th Cir.), cert. denied --- U.S. ----, 126 S.Ct. 221, 163 L.Ed.2d 193 (2005)). It may also be applied if the firearm is found "in a place where acts in furtherance of the conspiracy took place." *United States v. Pham*, 463 F.3d 1239, 1246 (11th Cir. 2006); see also *United States v. Hansley*, 54 F.3d 709, 716 (11th Cir. 1995) (holding that the § 2D1.1(b)(1) enhancement was proper where a firearm and drug-related items were found in the defendant's residence where he had also engaged in conspiratorial conversations).

In the written factual basis for defendant's plea, it was noted that firearms were seized during a search of the defendant's and his co-defendant and brother's residence, along with assorted materials used for the transformation of powder cocaine into "crack" cocaine, electronic scales, cocaine, marijuana and U.S. currency. (Doc. 33 at 6). The PSR stated that the firearm was located in the proximity of the cocaine, and that a conspirator advised that the gun had been provided by the defendant. (PSR ¶ 26). Furthermore, drugs were being purchased and distributed from the residence. (PSR ¶ 17). While defendant's current counsel is correct that no objection was made by attorney Ramey, counsel is not constitutionally ineffective for failing to make futile objections. *Brownlee; Meeks; supra.* Clearly, there was a factual and legal basis to support the adjustment and relief is not warranted on this claim.

Defendant's contention that counsel should have objected to the quantity of drugs attributed to him likewise fails. He asserts that the amounts were "fabricated" but provides no evidence or meaningful argument in support of his claim. In contrast, the PSR reflects that the Probation Officer gathered information from DEA agents and from the Bay County Sheriff's Office. (PSR ¶ 4). A half dozen witnesses and/or co-conspirators who were interviewed by law enforcement provided information concerning dates, locations, and amounts of drugs that the defendant either sold or purchased. (PSR ¶¶ 6-19). This information was supported by

evidence seized during the execution of search warrants, controlled purchases and surveillance activities. (*Id.*)

In a case where no drugs have been seized, it is proper for the district court to approximate the quantity of the controlled substance. U.S.S.G. § 2D1.1 (n.12); *United States v. Rodriguez,* 398 F.3d 1291, 1297 (11th Cir. 2005); *United States v. Frazier*, 89 F.3d 1501, 1506 (11th Cir. 1996). In estimating the quantity of drugs attributable to a defendant, a court may base its computation on evidence showing the average frequency and amount of a defendant's drug sales over a given period of time. *Id. United States v. Minor*, 227 Fed.Appx. 863, 866 (11th Cir. 2007) (Table, text in WESTLAW). Sentencing is based on "fair, accurate, and conservative estimates of the quantity of drugs attributable to a defendant," that may include coconspirator testimony. *United States v. Rodriguez,* 398 F.3d 1291, 1297 (11th Cir. 2005) (citing *United States v. Zapata*, 139 F.3d 1355, 1359 (11th Cir. 1998)). This is what was done in the defendant's case.

An attorney is not ineffective merely because he fails to object to the quantity of drugs used for calculating a defendant's sentence if there is no factual basis upon which counsel could have relied and no reasonable probability the challenge would produce a more favorable result. *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *United States v. Lawson*, 947 F.2d 849, 853 (7th Cir. 1991), cert. denied, 112 S.Ct. 1505, 117 L.Ed.2d 643 (1992). Defendant's bald assertion that counsel was ineffective is insufficient to entitle him to relief.

Based on the foregoing, it is respectfully RECOMMENDED:
The motion to vacate, set aside, or correct sentence (doc. 199) be DENIED.

At Pensacola, Florida, this 28th day of April, 2008.

*Case No: 5:04cr23/MCR; 5:07cv277/MCR/MD*

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**